**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**GEORGE BRYAN,**

                **Petitioner,**

                **MEMORANDUM AND ORDER**
     v.                                 05 CV 2959 (NG)(VVP)

**AMERICA WEST AIRLINES,**

                **Respondent.**
-------------------------------------------------------------x
**GERSHON, J.:**

       Respondent America West Airlines ("AWA") has removed to this court a state court petition for pre-action disclosure. Petitioner George Bryan was injured in a trip and fall accident on an aircraft owned by AWA, while employed as a baggage handler for Globeground North America. In contemplation of a potential lawsuit, Bryan sought to obtain pre-action discovery from AWA, pursuant to New York Civil Practice Law and Rules ("CPLR") § 3102(c), which states, in relevant part, that, prior to commencing an action, "disclosure to aid in bringing an action . . . may be obtained, but only by court order." As Bryan had not yet filed a complaint, he initiated a special proceeding in New York State Supreme Court, Kings County. *See Robinson v. Gov't. of Malaysia*, 174 Misc.2d 560, (Sup. Ct., N.Y. Co. 1997) ("where a complaint has not been filed and jurisdiction over the parties has not been secured, such disclosure is best brought by a special proceeding."). The petition was scheduled for a hearing on June 21, 2005. That same day, AWA removed the petition to this court pursuant to 28 U.S.C. §§ 1441 and 1446, on the basis of diversity of citizenship

1

jurisdiction.[1]

Upon reviewing the removal papers filed in this court, I ordered the parties to show cause why the matter should not be remanded to state court on the grounds that: "(1) there is no pending lawsuit subject to removal, merely a petition for pre-suit discovery, and (2) there is no claim for damages to satisfy the federal jurisdictional amount." *See* Order of July 26, 2005. After consideration of the parties' submissions and oral argument, this action is hereby remanded to the New York State Supreme Court, Kings County.

## DISCUSSION

Although, as will be seen, the courts that have addressed the removability of pre-complaint disclosure petitions have not distinguished in principle between removal on grounds of federal question jurisdiction and removal on grounds of diversity jurisdiction, I think it is wise to remember that, "the right to remove a state court action to federal court on diversity grounds is statutory. . . and must be invoked in strict conformity with statutory requirements." *Somlyo v. J. Lu-Rob Enterprises, Inc.,* 932 F.2d 1043, 1045 (2nd Cir. 1991). Principles of federalism and judicial efficiency require that, where, as here, the removal of a state court action is premised solely on diversity between the parties, the court construe the removal statute narrowly, resolving any doubts against removability. *See id.* at 1046 ("In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the

---

[1] After removing the action to this court, the parties executed a stipulation, dated June 21, 2005, that withdrew the state court petition without prejudice to "petitioner's right to reinstate such proceeding or ultimately file suit in the Supreme Court, Kings County, if the federal court determined it does not have jurisdiction over this matter . . . ." New York State Supreme Court Justice Arthur M. Schack "so ordered" the stipulation. However, because respondent's Notice of Removal effectively transferred jurisdiction over this matter to this court, the stipulation, as endorsed, was without force, and the petition continues before this court.

removal statute narrowly . . .").

The Court of Appeals has had no occasion to address the question of whether a state petition for pre-suit disclosure is removable under 28 U.S.C. § 1446(b), and the district courts in the circuit have reached varying results. In *Manhasset Office Group v. Banque Worms,* 1988 WL 102046 (E.D.N.Y. September 29, 1988), then-District (now Senior Circuit) Judge Joseph McLaughlin, held that the defendant's removal of plaintiff's CPLR § 3102(c) petition, on the ground that it was a foreign agency or instrumentality, was "premature and improper" because "no action was commenced, and no pleadings or summons were served." In *Christian, Klein, & Cogburn v. National Association of Securities Dealers, Inc.*, 970 F.Supp. 276, 278 (S.D.N.Y.1997), then-District (now Circuit) Judge Sonia Sotomayor, expressly disagreeing with Judge McLaughlin, held, in a case removed on the basis of federal question jurisdiction, that a CPLR § 3102(c) petition was subject to removal if it qualified as an "initial pleading" that initiated an action or proceeding and if that initial pleading set forth a claim for relief. In *Malave v. Costco Wholesale Corp.*, 2002 WL 31016663 (S.D.N.Y. September 9, 2002), and *Dublin Worldwide Productions (USA), Inc.* v. *JAM Theatricals, Ltd.*, 162 F.Supp.2d 275 (S.D.N.Y. 2001), the courts, relying on *Christian, Klein, & Cogburn,* held that pre-action disclosure petitions were removable where jurisdiction was based solely on diversity of citizenship. Several courts in other jurisdictions, where removal was based on both federal question and diversity jurisdiction, have found state pre-action disclosure petitions not removable. *See Barrow v. American Airlines*, 164 F.Supp.2d 179 (D.Mass. 2001) (removal based on federal question and diversity jurisdiction); *Mayfield-George v. Texas Rehabilitation Commission*, 197 F.R.D. 280 (N.D. Tex. 2000) (removal based on federal question jurisdiction); *McCrary v. Kansas City Southern Railroad,* 121 F.Supp.2d 566 (E.D. Tex. 2000) (removal based

3

on diversity jurisdiction); *Matter of Hinote*, 179 F.R.D. 335 (S.D. Ala.1998) ( removal based on federal question jurisdiction); *Oshkosh Truck Corporation v. International Union*, 67 F.R.D. 122 (E.D. Wis. 1975)(removal based on federal question jurisdiction).

A. **Petitioner's Order to Show Cause is not an initial pleading under Section 1446(b) and does not set forth a claim for relief within the meaning of that section.**

AWA asserts that Bryan has filed an "initial pleading" that initiates a personal injury action or proceeding against AWA and states a claim for damages incurred as a result of Bryan's accident. AWA draws heavily on Judge Sotomayor's analysis in *Christian, Klein, & Cogburn* to support its contention that the resultant "action" is removable to this court under 28 U.S.C. § 1446(b).[2] However, AWA mischaracterizes the nature of Bryan's petition, and thus its reliance on *Christian, Klein, & Cogburn*, may be overstated.

Bryan sought and obtained an order to show cause, pursuant to CPLR § 3102(c), for the limited purpose of obtaining discovery to identify the appropriate parties to his contemplated action. Viewed in that way, Bryan's "proceeding" is not subject to removal because it is not a civil action — "it is a request for discovery, nothing more." *See Barrows*, 184 F.Supp.2d at 182 (petition for pre-suit discovery under Massachusetts law is not a civil action, because it asserts no claim or cause of action upon which relief can be granted); *McCrary v. Kansas City Southern Railroad*, 121 F.Supp.2d at 569 (request for pre-action discovery pursuant to Texas statute is "merely a pre-suit request for [disclosure] to investigate a potential claim or suit."). The relief that Bryan is seeking through his order to show cause, is not, as AWA asserts, for potential personal injury claims.

---

[2] 28 U.S.C. § 1446(b) provides that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the *initial pleading* setting forth the claim for relief upon which such *action or proceeding* is based...(emphasis added)."

4

Rather, Bryan is seeking information that is relevant to crafting his complaint.

In *Christian, Klein, & Cogburn*, petitioner's request for an order to show cause included an eight-page attorney affirmation detailing a contemplated action which was based, in large part, on violations of federal securities and antitrust laws. The affirmation identified the defendants to the proposed action, referenced the appropriate federal statutes, and provided facts supporting the bases for the claims against the defendants. In addition to noting that the affirmation "directly invoke[ed] violations of federal securities law as [its] basis for pre-complaint discovery," Judge Sotomayor was satisfied that the petition contained sufficient detail to put the defendants on notice regarding the "nature of the claim, and whether or not there [was], in the constitutional sense, a case or controversy." *Id.,* quoting *HMB Acquisition Corp. v. Cohen,* 143 F.R.D. 50, *vacated in part on other grounds,* 145 F.R.D. 30 (S.D.N.Y. 1992) (pre-complaint discovery application qualifies as an initial pleading subject to removal where petitioner references a federal statute, and proceeding seeks substantive relief in the form of discovery).

Bryan's petition, in contrast, neither implicates substantive federal law, nor does it contain the level of detail present in the *Christian, Klein, & Cogburn* affirmation. It merely requests that the state court order the production of "a deposition, records, names and addresses of potential parties." Bryan has neither identified all of the proper parties to sue, nor has he, subject to identifying those parties, asserted any specific claims against those parties.

As noted above, that the sole basis for removal in this case is diversity of citizenship, suggests caution in accepting jurisdiction. Nonetheless, in *Dublin Worldwide Productions (USA), Inc.*, District Judge Jed Rakoff found a pre-action discovery request, pursuant to CPLR § 3102(c) removable, in a case asserting jurisdiction solely on diversity of citizenship grounds. However, the

facts there significantly differ from those presented here. In that matter, plaintiff repeatedly expressed its intent to bring the proposed action in federal court. Yet, contrary to its assertions, plaintiff filed an order to show cause for pre-complaint discovery in state court. Judge Rakoff recognized that plaintiff was attempting to benefit from New York's more liberal policy regarding pre-action discovery. To prevent plaintiff from exploiting the state law discovery process, Judge Rakoff upheld the removal of the action, but immediately dismissed plaintiff's petition, on the ground that federal law did not provide a mechanism for obtaining such pre-action disclosure. He noted that, "were it otherwise, a party who proposed (as here) to bring a civil action falling within federal jurisdiction, could evade the federal limitations on pre-action discovery by first bringing a request for discovery under CPLR 3102(c)." *Dublin Worldwide Productions (USA), Inc.,* 162 F.Supp.2d at 278.

Unlike in *Dublin Worldwide Productions (USA), Inc.*, Bryan is not attempting to evade the federal limitations on pre-action disclosure. On the contrary, Bryan is merely utilizing what CPLR § 3102(c) provides— a state court mechanism to obtain disclosure to identify the proper parties to sue. Defendant has removed what, once a complaint is filed, will likely be a garden variety state personal injury claim which implicates no substantive federal law. Indeed, as became apparent at oral argument, the requested discovery is likely to reveal that one of the contemplated parties will destroy complete diversity, thereby eliminating any basis for federal jurisdiction.

Upon review of the cases discussed above, I find persuasive the decisions of those courts which have rejected the removal of state pre-action discovery applications. However, even accepting the analysis in *Christian, Klein, & Cogburn* and *Dublin Worldwide Productions (USA), Inc.*, a remand is called for here, where no federal question is presented and where there is no effort

to subvert the federal limitations on pre-action discovery.

**B. Petitioner states no claim for damages to satisfy the jurisdictional amount for diversity.**

Finally, the petition does not state a claim for damages in satisfaction of the $75,000 jurisdictional amount for diversity. As discussed above, Bryan's petition does not assert a claim for relief for the personal injuries sustained in his accident. The relief requested in his petition, pre-action disclosure from AWA, has no monetary component and none is available under CPLR § 3102(c). That the complaint, once drafted, will undisputedly seek more than $75,000, is insufficient to create federal jurisdiction at this time.

## CONCLUSION

For the reasons stated above, this matter is hereby remanded to the New York State Supreme Court, Kings County.

                          **SO ORDERED.**

                          */s/ Nina Gershon*
                          **NINA GERSHON**
                          **United States District Judge**

**Dated: Brooklyn, New York
        December 15, 2005**